# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| SILVESTRE R. C., | Case No. 26-cv-436 (LMP/JFD) |
| Petitioner, | |
| v. | |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and ERIC TOLLEFSON, *Sheriff of Kandiyohi County Jail*, | **ORDER GRANTING HABEAS PETITION** |
| Respondents. | |

Juventino Meza Rodriguez, **Immigrant Law Center of Minnesota, St. Paul, MN**, for Petitioner.

Friedrich A. P. Siekert, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

Silvestre R. C. is a native and citizen of Mexico who entered the United States in 2010. ECF No. 1 ¶ 13. On January 4, 2026, Silvestre R. C. was detained by immigration officials, and he remains in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Kandiyohi County Jail. *Id.* ¶¶ 16, 20. He asserts that Respondents (the

---

[1] When used in this Order, "Respondents" or the "Government" refers to the federal officials named as Respondents. Respondent Eric Tollefson, the Kandiyohi County Sheriff, has not participated in these proceedings.

"Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *Id.* ¶ 29. Silvestre R. C. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is subject to detention, if at all, under 8 U.S.C. § 1226(a). Silvestre R. C. also alleges that his arrest by ICE agents violated the Fourth Amendment because he was arrested not based on reasonable suspicion of wrongdoing, but solely on the basis of his race and ethnicity. *Id.* ¶¶ 43–53. Silvestre R. C. brings three claims related to his purported misclassification under 8 U.S.C. § 1225(b)(2): a constitutional claim, a statutory claim, and a claim under the Administrative Procedures Act. *Id.* ¶¶ 30–37, 43–51. He also brings a claim under the Fourth Amendment for his allegedly unlawful arrest, and requests "immediate release" as a remedy for this claim. *Id.* ¶¶ 43–53.

The Court ordered the Government to answer the petition no later than January 23, 2026. ECF No. 3. The Court noted that it has already found similarly situated noncitizens not to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and that such noncitizens are instead subject to the provisions of 8 U.S.C. § 1226(a). *See* ECF No. 3 at 2 (first citing *Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); and then citing *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025)). The Court directed the Government to explain whether this case was materially distinguishable from those cases. *Id.* The Court also explicitly directed the Government to respond to Silvestre R. C.'s Fourth Amendment claim. *Id.*

The Government timely responded, opposing Silvestre R. C.'s petition on the basis that he is properly detained under 8 U.S.C. § 1225(b)(2). *See* ECF No. 5. But the Government did not respond to Silvestre R. C.'s Fourth Amendment claim as it was specifically directed to do in the Court's show-cause order.

As the Government acknowledges, this Court has already ruled that similarly situated petitioners are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are eligible for bond under 8 U.S.C. § 1226(a). *See Roberto M. F.*, 2025 WL 3524455, at *4; *Victor Hugo D. P.*, 2025 WL 3688074, at *2–3. The Government's brief offers no material distinction between this case and those cases. Accordingly, the Court adopts the same reasoning here and concludes that Silvestre R. C. is not subject to detention under 8 U.S.C. § 1225(b)(2).[2]

Ordinarily, the Court would order a bond hearing as a remedy for this claim. *See Roberto M. F.*, 2025 WL 3524455, at *5. But Silvestre R. C. alleged in his petition that his arrest was "warrantless," ECF No. 1 ¶ 16, and the Government has offered no evidence to rebut that assertion. This Court recently held that "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Joaquin Q. L. v. Bondi*, No. 26-cv-233 (LMP/DTS), 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026). Because the Government has failed to produce a warrant for Silvestre R. C., the Court concludes that he is not subject to detention under Section 1226(a) either. The Government asserts

---

[2] The Court allowed Silvestre R. C. to file a reply brief no later than January 28, 2026. ECF No. 3. But the Government's response plainly demonstrates that Silvestre R. C. is entitled to relief. Finding no just cause for delay, the Court enters this Order now.

no other basis for detaining Silvestre R. C. Accordingly, without a lawful basis for detaining Silvestre R. C., the Government must immediately release him.[3]

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Silvestre R. C.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Government is **ORDERED** to release Silvestre R. C. from custody by no later than 5:00 p.m. CST on January 24, 2026; and

3. No later than 10:00 a.m. CST on January 26, 2026, the Government is **ORDERED** to provide a status update affirming that Silvestre R. C. was released from custody in accordance with this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 23, 2026            *s/Laura M. Provinzino*
                                   Laura M. Provinzino
                                   United States District Judge

---

[3] Additionally, the Government did not comply with the Court's show-cause order when it failed to respond to Silvestre R. C.'s Fourth Amendment claim. *See* ECF No. 3 at 2. Accordingly, while the Court does not reach the merits of Silvestre R. C.'s Fourth Amendment claim, the Court concludes that, based on the Government's failure to substantively address that claim, Silvestre R. C. is entitled to immediate release. *See Ismael D. v. Noem*, No. 26-cv-413 (JMB/LIB), 2026 WL 145987, at *2 (D. Minn. Jan. 20, 2026) (granting habeas petition when Government failed to respond to one of the petitioner's claims); *Andrei C. v. Lyons*, No. 26-cv-166 (SRN/ECW), 2026 WL 123083, at *3 (D. Minn. Jan. 16, 2026) (same); *Estephanny P. v. Bondi*, No. 26-cv-198 (ECT/JFD), 2026 WL 115067, at *1 (D. Minn. Jan. 15, 2026) (same).