# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| SILVESTRE R. C., | Case No. 26-cv-436 (LMP/JFD) |
| Petitioner, | |
| v. | **ORDER** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and ERIC TOLLEFSON, *Sheriff of Kandiyohi County Jail*, | |
| Respondents. | |

Juventino Meza Rodriguez, **Immigrant Law Center of Minnesota, St. Paul, MN**, and Marc Prokosh, **Prokosch Law LLC, Roseville, MN**, for Petitioner.

Friedrich A. P. Siekert, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

On January 23, 2026, this Court granted Petitioner Silvestre R. C.'s petition for a writ of habeas corpus and ordered him released from custody. ECF No. 6. Silvestre R. C. was released from custody—albeit untimely, ECF No. 10 at 1—and when he was released, Immigration and Customs Enforcement ("ICE") retained Silvestre R. C.'s Mexican passport and Mexican identification document. *Id.* at 2. Silvestre R. C. accordingly requested the Court to order the Government to return his passport and Mexican identification document. *Id.* at 3–4.

The Court ordered the Government to provide briefing identifying the legal basis on which ICE retains Silvestre R. C.'s passport and government-issued identification. ECF No. 12 at 2. The Government responded with an ICE policy which states that ICE "will generally confiscate any foreign and domestic government-issued documents" which are in the possession of a noncitizen subject to removal proceedings. ECF No. 16-2 at 1. The Government explains that Silvestre R. C. is currently subject to removal proceedings, ECF No. 16-1 at 1–4, so ICE's policy authorizes it to retain Silvestre R. C.'s passport and Mexican identification document, ECF No. 16 ¶¶ 12–17. At a hearing on Silvestre R. C.'s request, Silvestre R. C. did not challenge the validity of the ICE policy and conceded that the ICE policy allows ICE to retain his passport. However, Silvestre R. C. maintained that the ICE policy does not allow the Government to retain his Mexican identification document.

The Court disagrees. The ICE policy allows ICE to retain "any foreign and domestic government-issued documents," which includes both a Mexican passport and a Mexican identification document. Having conceded the validity of the ICE policy and its applicability to Silvestre R. C.'s passport, Silvestre R. C. fails to demonstrate why Silvestre R. C.'s Mexican identification document should be treated differently under the ICE policy. Moreover, although Silvestre R. C. notes that ICE can return identity documents to a noncitizen when there is "no operational need to retain the document," ECF No. 16-2 at 3, ICE is not *required* to do so. Rather, ICE "*can*" return the document upon a request by the noncitizen or the noncitizen's attorney. *Id.* Accordingly, the Court finds no basis on which

to order ICE to return Silvestre R. C.'s Mexican identification document to him. Rather, any request for the return of his identity documents must be directed to ICE.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Silvestre R. C.'s request to return his passport and Mexican identification document (ECF No. 10) is **DENIED**.

Dated: January 28, 2026  *s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge